### Application of CAMPBELL.

(District Court, E. D. Washington, S. D. March 30, 1925.)

No. 849.

Aliens ☞65—Soldier loses special privilege as to naturalization, unless exercised within time prescribed by statute.

An alien, who at the time of the passage of Act May 9, 1918, was in the military service of the United States overseas, and who executed his petition for naturalization in the manner prescribed by section 4, subd. 7, of such act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4352) and delivered the same to a representative of the naturalization service, but the latter failed to file it in the office of the clerk of a court, loses the special rights given by such section, unless he himself files his petition within one year after March 3, 1923,

the official date of the return of the last troops, as required by Act July 19, 1919, § 1 (Comp. St. Ann. Supp. 1923, § 4352aaa).

On petition of Joseph Edgar Campbell for naturalization. Dismissed without prejudice.

Joseph Edgar Campbell, in pro. per.

R. W. Thomas, Naturalization Examiner, for the United States.

WEBSTER, District Judge. The question presented for decision in this case may be stated as follows: May an alien who, at the time of the passage of the Act of May 9, 1918 (40 Stat. 542), was in the military service of the United States, and who at such time was overseas, and consequently not within the jurisdiction of any court authorized to naturalize aliens, but who executed in the manner prescribed by subdivision 7 of section 4 of that act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4352) the necessary petition for citizenship and delivered the same to a representative of the naturalization service, who failed to file the petition in the clerk's office, himself file such petition in the proper office after the period limited by the Act of July 19, 1919 (41 Stat. 222 [Comp. St. Ann. Supp. 1923, § 4352aaa]), has expired, and upon such filing claim the benefits of subdivision 7 of section 4 of the Act of May 9, 1918?

The pertinent portion of subdivision 7, § 4, of the act reads:

"Any alien, who, at the time of the passage of this act, is in the military service of the United States, who may not be within the jurisdiction of any court authorized to naturalize aliens, may file his petition for naturalization without appearing in person in the office of the clerk of the court and shall not be required to take the prescribed oath of allegiance in open court. The petition shall be verified by the affidavits of at least two credible witnesses who are citizens of the United States, and who shall prove in their affidavits the portion of the residence that they have personally known the applicant to have resided within the United States. The time of military service may be established by the affidavits of at least two other citizens of the United States, which, together with the oath of allegiance, may be taken in accordance with the terms of section seventeen hundred and fifty of the Revised Statutes of the United States after notice from and under regulations of the Bureau of Naturalization. Such affidavits and oath of allegiance shall be admitted in evi-

dence in any original or appellate naturalization proceeding without proof of the genuineness of the seal or signature or of the official character of the officer before whom the affidavits and oath of allegiance were taken, and shall be filed by the representative of the government from the Bureau of Naturalization at the hearing as provided by section eleven of the act of June twenty-ninth, nineteen hundred and six."

This section also provides:

"During the time when the United States is at war no clerk of a United States court shall charge or collect a naturalization fee from an alien in the military service of the United States for filing his petition or issuing the certificate of naturalization upon admission to citizenship."

The Act of July 19, 1919 (41 Stat. 222), provides:

"Any person of foreign birth who served in the military or naval forces of the United States during the present war, after final examination and acceptance by the said military or naval authorities, and shall have been honorably discharged after such acceptance and service, shall have the benefits of the seventh subdivision of section 4 of the act of June 29, 1906, thirty-four Statutes at Large, part 1, page 596, as amended, and shall not be required to pay any fee therefor; and this provision shall continue for the period of one year after all of the American troops are returned to the United States."

The official date of the return of all American troops is March 3, 1923, and consequently the benefits carried by the act of July 19, 1919, expired on March 3, 1924. Under date of August 21, 1924, the Comptroller General of the United States rendered a decision on the question of the collection of fees by the clerks of the United States District Courts upon petitions for naturalization executed overseas by veterans of the World War, where the petition was not actually filed in the clerk's office until after March 3, 1924, wherein he ruled as follows:

"The act of May 9, 1918, supra, provided that the alien, without the jurisdiction of any court authorized to naturalize aliens, 'may file his petition for naturalization without appearing in person in the office of the clerk of the court.' That provision clearly contemplated a filing in the office of the clerk of a court having jurisdiction to naturalize; therefore, a petition executed overseas and handed to a designated representative of the Bureau of Naturalization, but which has not been filed 'in the office of the clerk of the court' having jurisdiction to naturalize aliens, has not been filed within the intent of the act of May 9, 1918.

"Had the overseas petitioner, upon his return to the United States and within the time specified in the act of July 19, 1919, supra, taken the necessary steps to perfect his naturalization, or had such steps been taken for him by a filing of his petition with the clerk of a court having jurisdiction to naturalize aliens, he would have received his certificate of citizenship, if found to be eligible, without the payment of a fee, either for filing and docketing the petition and for final hearing thereon, or for the entering of the final order and the issuance of the certificate of naturalization thereunder; that is, unless the proceedings were in a state court and the laws of the particular state required that a fee be charged. Not having taken the necessary steps to perfect his naturalization within the time specified in the act of July 19, 1919, and the initial steps not having been taken for him within that time, no reason appears why he should be in a more favorable situation than the person of foreign birth who served in the military forces of the United States and who did not make his petition overseas. The former as well as the latter, after the time specified in the act of July 19, 1919, are required to pay the fees provided in the act of July (June) 29, 1906, supra, and the decision is accordingly."

While this opinion of the Comptroller General is not a judicial interpretation of the law, it is nevertheless the opinion of a high executive official exercising quasi judicial functions and is entitled to great respect. Upon a careful study of the question, I am satisfied that the views expressed by the Comptroller General are sound, and that this application cannot be maintained. Obviously, if the petitioner is not entitled to be exempt from the payment of fees because of the belated filing of the petition, he is not entitled to the other benefits of subdivision 7 for precisely the same reasons. If it should be held that the words "this provision" in the Act of July 19, 1919, refer to the provision made by that act for the class of beneficiaries therein defined and do not refer to the provision made by subdivision 7 of section 4 of the Act of May 9, 1918, the situation of the petitioner is not improved, for at the time of filing the petition in the clerk's office the petitioner was not without the jurisdiction of a court authorized to naturalize aliens.

For the foregoing reasons, the petition will be dismissed without prejudice.